IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

PETER J. SPAKOSKY
    Plaintiff,

vs.  No. _____
    JURY DEMAND

McMINN COUNTY, TENNESSEE,
JOE GUY SHERIFF, AND CALEB LATHAM,
RALPH CREEL, JEREMY HARRISON and
BRAD JOHNSTON in their individual and official capacities,
    Defendants.

## COMPLAINT

Comes the Plaintiff and for cause of action would state as follows:

### I. INTRODUCTION

The Declaration of Independence acknowledged certain "truths to be self-evident, that all men are created equal, that they are endowed by their Creator with certain unalienable Rights, that among these are Life, Liberty and the pursuit of Happiness." Based upon these premises, the United States Constitution and the Bill of Rights was drafted. Among the rights secured to all citizens of the United States are the right to keep and bear arms; and the right to be secure in one's person and house against unreasonable search and seizure. The Constitution goes further to secure these rights by requiring that no warrants be issued except upon probable cause, supported by oath or affirmation, and further requiring that the warrant particularly describe the place to be searched and the persons or things to be seized; and strictly prohibiting any state from depriving any person of life, liberty, or property, without due process of law and guaranteeing all citizens equal protection of the laws. (United States Constitution, Amendments II, IV and XIV).

This is an action for money damages stemming from the violation of the Constitutional civil rights of Plaintiff by the named Defendants. Specifically, this action arises under the

Second, Fourth and Fourteenth Amendments to the United States Constitution; under federal law, specifically, 42 U.S.C. §§1983 and 1988; under the Tennessee governmental tort liability statutes; under *Tenn. Code Ann.* §29-20-101, *et seq.,* and under Tennessee common law for intentional and/or negligent infliction of emotional distress, negligent supervision, negligence, gross negligence, assault, false arrest, and malicious prosecution.

At the time of the events which form the basis of this Complaint, Plaintiff was alone inside his residence. There are no allegations that Plaintiff was breaking any laws of the State of Tennessee or of the United States at the time. The individual Defendants, acting in the scope of their employment as police officers, wrongfully and without legal cause came to Plaintiff's residence in the middle of the night, banging on the walls on all sides of his residence. Plaintiff picked up a weapon and stepped out of his residence where he was blinded by lights in his eyes and multiple people shouting at him because he was holding a weapon. The Defendant shot Plaintiff several times without just cause. Plaintiff was then criminally charged for aggravated assault against the officers.

Plaintiff avers, as more specifically set forth herein, that the Defendants violated his civil rights, wrongfully arrested Plaintiff, assaulted Plaintiff, and initiated malicious prosecution against Plaintiff in an effort to justify their illegal actions. The Defendants' actions caused serious bodily injuries and inflicted severe emotional distress to Plaintiff. The policies and procedures relative to the detention and care of Plaintiff were improperly carried out due to inadequate training and supervision of officers/agents, and/or because McMinn County, Tennessee has a custom of tolerance of and/or acquiescence of federal civil and constitutional rights violations.

The individually named Defendants were, at all times relevant to this action, acting under color of state law. The Defendants collectively and individually, demonstrated deliberate indifference to the serious medical needs of Plaintiff in violation of his rights under the Eighth and Fourteenth Amendments of the Constitution of the United States of America, making them liable to Plaintiff.

Action is also brought against McMinn County for its failure to properly train and supervise the individual Defendants in the proper use of force and their establishment of policies, procedures, practices, and customs regarding proper medical treatment and detention of Plaintiff at the time of his detainment that resulted in the excessive use of force and serious bodily injuries to Plaintiff.

## II. JURISDICTION AND VENUE

1. This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1331, 1343, and 1367, and venue is properly set in the United States District Court for the Eastern District of Tennessee pursuant to 28 U.S.C. §1391.

2. The causes of action alleged herein arise from events occurring in this judicial district.

3. On information and belief, each of the named Defendants reside within the Eastern District of Tennessee.

4. Plaintiff resides in the state of Tennessee.

5. The amount in controversy is in excess of $75,000.00.

## III. PARTIES

6. Peter J. Spakosky (hereinafter "Plaintiff") was 56-years old, a citizen of the United States, and a resident of the McMinn County, Tennessee at the time of the incident.

7. Defendant, McMinn County, Tennessee, is a municipal corporation, duly organized and existing under the laws of the State of Tennessee. Under its authority, Defendant, McMinn County, Tennessee operates the McMinn County Sheriff's Department and is liable for the actions and/or inactions and omissions of its officers, managers, agents, and employees, including Defendants Sheriff Joe Guy and officers Harrison, Lathem, Creel and Johnston who were acting within the scope and course of their employment and duties pursuant to *Tennessee Code Annotated* §29-20-205. Defendant, McMinn County, Tennessee, has a statutory duty adequately train and supervise officers.

8. In the event that Defendant(s) are incorrectly named, Plaintiff reserves the right to amend this pleading to identify the proper party defendant(s).

### IV. FACTS

9. On or about April 3, 2022, Plaintiff Peter J. Spakosky was living at 329 Co Rd 116, Athens, McMinn County, Tennessee.

10. Plaintiff's residence is located in McMinn County and lies outside of all city limits.

11. Plaintiff's residence is a single-wide mobile home and sits more than fifty (50) yards off the road on a wooded lot making visibility from the road to the house and the house to the road difficult.

12. At the time of the incident, the porch on Plaintiff's mobile home facing County Road 116 was in need of repair such that the steps had become disconnected from the porch.

13. Plaintiff avers that the porch and the door facing the Road were completely unusable for accessing Plaintiff's home.

14. Photographs taken from the body cam footage of one of the Defendant officers

depict the lack of access to the porch.



Excerpt from body cam footage.



Excerpt from body cam footage.

  15. The porch height was between waist and chest high.



Excerpt from body cam footage.



Excerpt from body cam footage.

16. At approximately 1:30 a.m., Plaintiff was at home – inside his residence - and had the volume of his music inside his home at a high level.

17. Upon information and belief, Plaintiff's neighbor made a noise complaint to 911 and, according to the 911 recorded call reported that "they had been shooting guns **earlier in the day**."

18. As a county resident of McMinn County, Tennessee, Plaintiff was not subject to a noise ordinance.

19. Defendant McMinn County Sheriff's Department dispatched three (3) Sheriff's deputies, Defendants Lathem, Creel and Harrison, to respond to the noise complaint made by Plaintiff's neighbor despite there being no law, regulation, or applicable ordinance establishing a "quiet time" or noise decibel limit in the county.

20. Plaintiff would show that when the Defendants arrived at the property, no one was outside the residence nor were any guns being fired; therefore, Defendants had no legal basis for coming onto the property or for disturbing Plaintiff inside the residence.

21. The body camera footage of the Defendants indicates that more than one of the Defendant officers left their vehicle some distance from Plaintiff's residence.



Excerpt from body cam footage.

22. Plaintiff avers that the headlamps of the police vehicles were pointed towards the residence.



Excerpt from body cam footage.

23. None of the police vehicles had their sirens activated.

24. Plaintiff avers that none of the police vehicles had their lights activated prior to the shooting or, in the alternative, that if any of the vehicles had their flashing lights activated then it was the vehicles parked the farthest from the residence such that the lights were not visible from the residence due to the direction of the headlamps on the vehicles and the trees between the residence the vehicles.



Excerpt from body cam footage.

25. The Defendant officers approached the residence on foot.

26. Upon information belief, the Defendant officers pounded on all of the walls of the residence and announced themselves; however, Plaintiff did not hear the announcement from inside his residence.

27. One of the named Defendants climbed up onto Plaintiff's inaccessible porch and began to pound on the outside of the residence.

28. Plaintiff heard the commotion coming from a door not used to enter or exit the residence which exited onto what he knew was an inaccessible porch.

29. Plaintiff picked up a weapon for his protection before going to the door.

30. Upon opening the door of his residence to the unusable porch, Plaintiff was blinded from the vehicle headlamps directed at the residence and the Defendants multiple flashlights.

31. The Defendant officer who had climbed onto the porch announced to the other

Defendant officers that he saw a gun.

32. As soon as the Plaintiff opened the door of the residence to step onto the porch, all three (3) of the Defendant Officers began simultaneously shouting at the Plaintiff causing him to become disoriented.

33. In the darkness, the flashlights and vehicle headlamps the Defendants had directed at Plaintiff prevented Plaintiff from being able to see the uniforms, the police cruisers, or any other indication that the Defendants, one of whom was standing on an inaccessible porch in the middle of the night, shouting at him were police officers.

34. Plaintiff raised his weapon in an effort to protect himself and his property.

35. Upon Plaintiff raising his weapon, Defendants Harrison and Lathem opened fire striking Plaintiff in the chest and stomach causing serious bodily injury.

36. Plaintiff avers that Defendant officers fired so many shots at the Plaintiff that the body cam footage confirms they lost count and did not know how many times each of them had fired their weapon.

37. Subsequent to the Defendants Lathem and Harrison shooting Plaintiff, none of the Defendants immediately administered aid to the Plaintiff for his injuries despite taking photographs of his injuries and rolling him over to "secure" his weapon.

38. Body cam footage actually demonstrates that the officers requested crime scene tape and one of the officers returned to his vehicle - which did not have its lights activated – to retrieved crime scene tape BEFORE making a second trip to his vehicle to obtain a basic first aid kit.



Excerpt from body cam footage showing police vehicle where crime scene tape was retrieved without flashing lights activated.

39. Contrary to the events which actually transpired, Defendants Johnson and Creel reported in the official incident report that the officers responded to a "shots fired" call when the CAD and 911 recording both clearly indicate that it was a noise complaint and the caller had only commented that "they were shooting guns earlier."

| Comment: | PEOPLE ARE PARTYING AND BEING EXTREMELY LOUD AT THIS ADDRESS CALLER IS AT BOX 335 | | | |
|---|---|---|---|---|
| **Narrative Log** | | | | |
| Narrative By | Narrative At | Category | Is Sensitive | Narrative |
| LONGCR | 04/03/2022 01:35:21 | | NO | PEOPLE ARE PARTYING AND BEING EXTREMELY LOUD AT THIS ADDRESS CALLER IS AT BOX |
| LONGCR | 04/03/2022 01:35:21 | | NO | 335 |
| LONGCR | 04/03/2022 01:35:31 | | NO | ADVISED THEY WERE SHOOTING GUNS EARLIER |

Excerpt from CAD report.



Excerpt from Arrest report.

40. Defendants further inaccurately stated that the Defendants Harrison, Lathem Creel, and Sgt. Johnston rendered first aid to Plaintiff until emergency responders arrived – all of which is contradicted by the body cam footage from the Defendants.

> time to drop the gun and that they were from the sheriffs office when the male raised the pistol and pointed it at the deputies. Deputy Latham and Cpl Harrison then fired their service pistols at the subject striking him in the chest and stomach. Deputy Lath m. Cpl Harrison And Deputy Ralph Creel then administered first aid. I Sgt Johnston arrived on scene and also administered first aid until EMS arrived on scene. Mr. Spokasky was transported by helicopter to Earlanger Medical Center in Chattanooga TN. TBI was called to the scene to investigate the scene. The pistol that Mr. Spokanskys pistol

Excerpt from CAD report (emphasis added).

41. Plaintiff repeatedly asked why officers were at his residence and why they shot him, to which the only response was "we got a call" and "why did you raise the gun?"

## BASIS FOR CLAIM
## GENERALLY

42. Defendants violated Plaintiff's Constitutional Right to be free from search and seizure by wrongfully responding to a noise complaint where no law, regulation, or ordinance required or even supported police intervention.

43. Defendants violated Plaintiff's Constitutional Right to keep and bear arms inside his residence to personally protect himself and his property.

44. Defendants violated Plaintiff's Constitutional Right to be secure in one's person and home against unreasonable search and seizure.

45. Defendants violated Plaintiff's Constitutional Right to be free from search without probable cause supported by oath or affirmation particularly describing the place to be searched and the person or things to be seized.

46. Defendants violated Plaintiff's Constitutional Right by depriving him of his liberty without due process of law guaranteed to all citizens.

47. Defendants violated Plaintiff's Constitutional Right by maliciously charging him with a crime where no crime had been committed.

48. Defendants further violated Plaintiff's Constitutional Rights to be secure in one's person and house by wrongfully accessing Plaintiff's property by climbing onto an inaccessible porch.

49. Defendants filed a false report in violation of the law inaccurately describing the events leading up to the incident in an attempt to justify their illegal and wrongful actions.

50. The failure of Defendants Sheriff Joe Guy and McMinn County to promulgate and implement procedures, policies or customs lead directly to the violations of Plaintiff's civil rights and the use of excessive and unreasonable force against Plaintiff by the Defendant officers resulting in his serious bodily injuries and damages.

51. Each of the Defendant officers, individually, and in concert with the others, acted under color of law in his/their official capacity, to deprive Plaintiff of his rights to freedom from unreasonable search and seizure as secured by the Fourth Amendment to the Constitution of the United States and by 42 U.S.C.A. §§ 1983 and 1988.

52. Each of the Defendant officers, individually, and in concert with the others, acted under color of law in his/their official capacity, to deprive Plaintiff of his rights to freedom from unlawful arrest and detention as secured by the Fourteenth Amendments to the Constitution of the United States and by 42 U.S.C.A. §§ 1983 and 1988.

53. The Defendants, Sheriff and McMinn County, failed to adequately train and supervise the Defendant officers – Creel, Lathem and Harrison.

54. As a direct and proximate result of the intentional and/or negligent acts of Defendants, Plaintiff sustained severe physical pain and suffering as well as severe emotional distress.

55. Plaintiff is entitled to compensation for the constitutional harms that Defendants

13

Case 1:23-cv-00070-SKL   Document 1   Filed 03/31/23   Page 13 of 20   PageID #: 13

inflicted upon him.

56. Plaintiff is further entitled to compensation pursuant to *Tenn. Code Ann.* §29-20-101, *et seq.* and the *Tennessee Governmental Tort Liability Act* ("TGTLA") for harms inflicted upon him by Defendants and for damages.

## V. CAUSES OF ACTION

### COUNT I
### Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983
### (General Allegations)

57. In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiff of certain constitutionally protected rights under the Second, Fourth, and Fourteenth Amendments to the Constitution of the United States including, but not limited to: a) the right to keep and bear arms; b) the right not to be deprived of liberty without due process of law; c) the right to be free from excessive use of force by persons acting under color of state law; and d) the right to be free from false arrest.

58. In violating Plaintiff's rights as set forth above and other rights that will be proven at trial, Defendants acted under color of state law and conducted an unauthorized arrest by firing their weapons at Plaintiff during an illegal search and use of excessive force by Defendants, in violation of Plaintiff's rights under the Constitution of the United States.

59. As a direct and proximate result of the violation of his Constitutional rights by the Defendants, Plaintiff suffered general and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C §1983.

60. The conduct of Defendants was willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

## COUNT II
### Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983
### (Failure to Implement Appropriate Policies, Customs and Practices)

61. The failure of the Sheriff and McMinn County to adequately train and supervise the Defendant officers, Latham, Creel and Harrison, amounts to deliberate indifference to the rights of Plaintiff to be free from excessive force and unreasonable searches and seizures under the Fourth and Fourteenth Amendments to the Constitution of the United States.

62. As a result of this deliberate indifference to Plaintiff's rights, Plaintiff suffered personal injuries for which he is entitled to relief under 42 U.S.C. §1983.

63. Plaintiff avers that the failure by the Sheriff and McMinn County to adequately train and supervise the Defendant officers, Latham, Creel and Harrison resulted in the Defendant officers acting outside the scope of their authority by entering upon the property without cause.

64. In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiff as alleged herein of certain constitutionally protected rights including, but not limited to: a) the right not to be deprived of liberty without due process of law and b) the right to be free from excessive use of force by persons acting under color of state law.

## COUNT III
### Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983
### (Use of Excessive Force)

65. The Defendant, McMinn County has adopted policies, procedures, practices or customs within the McMinn County Sheriff's Department that allow, among other things, the use of excessive force when other more reasonable and less drastic methods are available.

66. The actions of Defendant McMinn County amount to deliberate indifference to the rights of Plaintiff to be free of excessive force under the Fourth and Fourteenth Amendments to the Constitution of the United States.

67. As a result of the deliberate indifference to Plaintiff's rights by McMinn County and its agents, servants and employees, Plaintiff suffered serious personal injuries and emotional distress for which he is entitled to relief under 42 U.S.C. §1983.

## COUNT IV
### Violation of Civil Rights Pursuant to 42 U.S.C. §1983
### (False Arrest)

68. By firing their weapon at Plaintiff, Defendants Creel, Latham, and Harrison each acted under color of state law by falsely arresting and detaining Plaintiff with no basis in fact or law to do so. State of Tennessee v. Peter Jeroid Spakosky, McMinn County Criminal Court Case #2022-04-0455.

69. In violating Plaintiff's right to be free from false arrest, Defendants Creel, Latham, and Harrison violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

70. As a direct and proximate result of the violation of his Constitutional right to be free from false arrest by the Defendants, Plaintiff suffered serious personal injuries and emotional distress as alleged in this Complaint and he is entitled to relief under 42 U.S.C. §1983.

## COUNT V
### Tennessee Governmental Tort Liability Act
### Pursuant to Tenn. Code Ann. §29-20-101/Tennessee Common Law
### (Negligence)

71. Each Defendant owed Plaintiff a duty to use due care at or about the times of the aforementioned incident.

72. In committing the aforementioned acts and/or omissions, each Defendant negligently breached said duty to use due care, which directly and proximately resulted in the injuries and damages to Plaintiffs alleged herein.

## COUNT VI
### Tennessee Governmental Tort Liability Act
### Pursuant to T.C.A. §29-20-101/Tennessee Common Law
### (Negligent Supervision)

73. Each Defendant owed Plaintiff a duty to use due care at or about the time of the aforementioned incidents.

74. Defendants Sheriff and McMinn County negligently supervised the Defendants Creel, Latham, and Harrison by failing to provide proper training and outline proper procedures for dispatching information and confronting people.

75. In committing the aforementioned acts or omissions, each Defendant negligently breached said duty to use due care, which directly and proximately resulted in the injuries and damages to Plaintiff as alleged herein.

## COUNT VII
### Tennessee Common Law
### (Intentional and/or Negligent Infliction of Emotional Distress)

76. Plaintiff avers that the Defendants actions and omissions were so outrageous that they constitute an intentional and/or negligent infliction of emotional distress.

77. Plaintiff avers that Defendants' failure to render aid to Plaintiff after shooting him were both intentional and reckless.

78. Plaintiff avers that the conduct by Defendants was so outrageous that it is not tolerated by civilized society especially when a law-abiding citizen, not breaking any laws, is shot multiple times while standing on an inaccessible porch of his residence by officers who had no legitimate or legal basis for being on the property.

79. Plaintiff would further show that the Defendants' conduct in failing to render aid after wrongfully shooting Plaintiff caused not only serious bodily injury but also severe mental distress and anguish.

80. Defendants Creel, Latham, and Harrison, knowingly, wantonly, intentionally, recklessly, and with gross disregard for the safety, well-being, and legal rights of Plaintiff, fired their weapons at him, entitling Plaintiff to compensation for severe emotional distress.

## COUNT VIII
## Tennessee Common Law
## (Negligence/Gross Negligence)

81. Plaintiff avers that the actions of the Defendants Creel, Latham, and Harrison constitute negligence under Tennessee Common Law.

82. Plaintiff avers that the Defendants Creel, Latham, and Harrison, acted with negligence by pointing a weapon at Plaintiff when the Defendants knew that he had not violated any laws.

83. As a direct and proximate result of the negligent and gross negligent acts of the Defendants, Plaintiff suffered physical injuries and damages for which he is entitled to relief.

## COUNT IX
## Tennessee Common Law
## (False Arrest)

84. Plaintiff avers that by firing their weapon(s) at Plaintiff, the Defendants seized his person resulting in the false arrest of Plaintiff.

85. As stated herein, Defendants were Plaintiff's residence in the middle of the night in response to a "noise complaint" by a neighbor although no such law exists.

86. Plaintiff was inside his residence and was not violating any law.

87. By firing at Plaintiff, the Defendant officers applied physical force to Plaintiff's body and objectively manifested an intent to restrain him, effectively seizing his person for the instant that the bullets struck him.

88. As a direct and proximate result of the negligent and gross negligent acts of the

Defendants, Plaintiff suffered physical injuries and death for which his heirs are entitled to relief.

## COUNT X
## Tennessee Common Law
## (Assault)

89. Plaintiff avers that the actions of the Defendants breached a duty of care owed to Plaintiff to not assault him or cause physical harm, injury, except to the extent allowed by law.

90. Plaintiff avers that the Defendants, more specifically, one or more of Defendant officers, knowingly, wantonly, intentionally, and with gross disregard for the rights of Plaintiff, assaulted him by firing a weapon at him, striking him and causing serious bodily injury.

91. As a direct and proximate result of the acts of the Defendants, Plaintiff suffered physical injuries for which he is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the above premises considered, Plaintiff demands that:

1. Process issue to Defendants and that they each be required to answer in the time allowed by law.

2. Following the trial of this cause, Plaintiff be awarded a judgment against Defendants, jointly and severally, in an amount of not less than Ten Million Dollars ($10,000,000.00) or the maximum amount provided by law;

3. Plaintiff requests that he have and recover a judgment against Defendants, jointly and severally, for punitive damages in the amount of Five Million Dollars ($5,000,000.00);

4. Plaintiff be awarded reasonable expenses incurred in this litigation, including reasonable attorney and expert fees, pursuant to 42 U.S.C. §1988 (b) and (c).

5. Plaintiff receive any other further and general relief to which it may appear he is entitled.

6. A jury for the trial of this matter.

                                                  **Respectfully submitted,**
                                                  **PETER J. SPAKOSKY,**
                                                  **Plaintiff, by his attorney,**

CHANCEY- KANAVOS

BY:   /s/ H. Franklin Chancey
        H. FRANKLIN CHANCEY (BPR#013187)
        Attorneys for Plaintiff
        P.O. Box 42
        Cleveland, TN 37364-0042
        (423) 479-9186
        franklin@cklplaw.com